UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA M.

                Plaintiff,

    v.                                                                 5:22-CV-1274
                                                              (GLS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                                              **OF COUNSEL:**

LAW OFFICE OF STEVEN R. DOLSON PLLC          STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
6320 Fly Road, Suite 201
East Syracuse, New York 13057

U.S. SOCIAL SECURITY ADMIN.                          KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

1

and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 7 & 10. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted. The Court, therefore, recommends that the Complaint be dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1985. Dkt. No. 6, Admin. Tr. ("Tr."), p. 214. He completed one year in college. Tr. at p. 218. He has past work experience in various retail positions and in the Army National Guard. *Id.* Plaintiff alleges disability based upon a vertebral compression fracture with bulging disc, radiculopathy in the left and right lower extremities, post-traumatic stress disorder, migraine headaches, and traumatic brain injury. Tr. at p. 217.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits on November 22, 2021. Tr. at p. 84. He alleged a disability onset date of September 19, 2019. Tr. at p. 214. Plaintiff's application was initially denied on January 12, 2022. Tr. at pp. 85-89. Reconsideration was denied on March 2, 2022, Tr. at pp. 98-109, after which he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 112-113. Plaintiff appeared at a hearing before ALJ Jeremy Eldred on July 11, 2022, at which Plaintiff and a vocational expert testified. Tr. at pp. 27-45. On July 29, 2022, the ALJ issued a written decision finding Plaintiff was not disabled. Tr. at pp. 11-22. On October

13, 2022, the Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 21, 2021. Tr. at p. 13. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 18, 2019, the alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: degenerative changes of the lumbar spine, migraine headaches, and obesity. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 16. The ALJ then found that Plaintiff has the residual functional capacity to perform work at the light exertional level except that he:

> could climb, stoop, kneel, crouch, or crawl no more than occasionally; and needed to avoid exposure to hazardous working conditions, such as work done at unprotected heights and work done in proximity to dangerous moving machinery.

Tr. at p. 16.

Next, the ALJ found that transferability of job skills was "not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [Plaintiff] is 'not disabled,' whether or not the [Plaintiff] has

3

transferable job skills." Tr. at p. 21. The ALJ then determined that based on Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 21-22. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff asserts two grounds for reversal in this proceeding. First, the ALJ erred in failing to consider Plaintiff's primary headache disorder at Step 3 of the sequential analysis. Dkt. No. 7, Pl.'s Mem. of Law at pp. 5-11. Second, the ALJ erred by substituting his own lay opinion for that of competent medical evidence in the record. *Id.* at pp. 11-13. In response, Defendant asserts that the ALJ's findings were supported

6

by substantial evidence and that no basis for remand exists. Dkt. No. 10, Def.'s Mem. of Law at pp. 4-11.

### A. Step 3 Determination

"Step three requires a determination as to 'whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.'" *Rivas v. Barnhart*, 2005 WL 183139, at *19 (S.D.N.Y. Jan. 27, 2005) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)).

> A claimant will be found disabled at step three of the evaluation process if the claimant has an impairment or combination of impairments that meets or equals a listed impairment. An impairment is medically equivalent to a listed impairment if it is at least equal in severity and duration to the criteria of any listed impairment. As both parties recognize, primary headache disorder, where headaches occur independently and are not caused by another medical condition, is not a listed impairment. The Administration has stated that Listing 11.02: Epilepsy is the most closely analogous listed impairment for primary headache disorder.

*Stacey L. H. v. Kijakazi*, 2023 WL 2265803, at *5 (N.D.N.Y. Feb. 28, 2023) (internal citations and quotations omitted). Here, Plaintiff alleges that his headaches were medically equivalent to the requirements in Listing 11.02 and the ALJ erred in finding to the contrary. Pl.'s Mem. of Law at pp. 6-11.

The ALJ specifically considered whether Plaintiff's headaches satisfied the requirements of Listing 11.02. Tr. at p. 16. He found no medical equivalence. *Id.* As Plaintiff recognizes in this Court, to establish that equivalence he must "show headaches occurring at least once a week for 3 consecutive months despite adherence to prescribed treatment under Paragraph (B) or occurring once every two weeks for at least 3

7

consecutive months under Paragraph (D)." Pl.'s Mem. of Law at p. 7; *see also Santiago Ortiz v. Comm'r of Soc. Sec.*, 2020 WL 5792968, at *4 (W.D.N.Y. Sept. 29, 2020) (describing requirements of Listing 11.02). The ALJ found that neither of these requirements had been established. Tr. at p. 16. The record supports that finding.

The record establishes that Plaintiff reported incidents of migraine headaches on multiple occasions, but it does not support that they occurred with the regularity required to meet the Listing requirements. Plaintiff went to the emergency room with a migraine in March 2019 and reported that he had had a similar episode three months earlier. Tr. at p. 611. There are, however, also significant periods of time where no complaints regarding migraines were reported. Plaintiff also has reported that medication has helped manage his migraines. Tr. at pp. 593 & 814. Despite noting the existence of headaches, the record simply does not show a regular pattern of headaches over a three month period. The ALJ, therefore, reasonably concluded that Plaintiff's migraines did not meet the requirements under Listing 11.02. *Lorraine Michele H. v. Comm'r of Soc. Sec.*, 2022 WL 7285345, at *7 (N.D.N.Y. Sept. 13, 2022), *report and recommendation adopted sub nom. Lorraine H. v. Comm'r of Soc. Sec.*, 2022 WL 4545541 (N.D.N.Y. Sept. 29, 2022). Nor does the record contain evidence of any prior finding that would support an equivalence finding. *Stacey L. H. v. Kijakazi*, 2023 WL 2265803, at *1 (N.D.N.Y. Feb. 28, 2023).

## B. Evaluation of the Medical Opinions

Plaintiff alleges that the ALJ committed legal error by substituting his own opinion for the medical evidence in the record on the question of the need for restrictions related to noise in the workplace. Pl.'s Mem. of Law at pp. 11-13. Specifically, Plaintiff objects to the omission of such a restriction despite the fact that two state agency review physicians noted that Plaintiff should avoid moderate exposure to noise. *Id.* at p. 11 (citing Tr. at pp. 58 & 77).

The ALJ noted the two opinions relied upon by Plaintiff, but concluded that this portion of their opinions was unpersuasive. Tr. at p. 19. He went on to explain this conclusion in detail, finding:

> Significant limitations on noise exposure are not well justified by the information that Dr. Naroditsky and Dr. Abueg provided in their narrative rationales. More significantly, significant limitations on noise exposure are not consistent with the underlying medical evidence, which does not document regular and ongoing complaints concerning noise exposure, nor are these limitations consistent with the level of noise exposure involved in the claimant's activities of daily living, which included extensive travel, engine repair, and participation in pirate reenactments.

*Id.* Evidence in the record supports that conclusion. *See, e.g.*, Tr. at pp. 373 (noting Plaintiff's work on car and boat engines); 475, 657, & 665 (participation in pirate reenactments). While there is no question that there was also evidence in the record documenting Plaintiff's issues with noise, *see, e.g.*, Tr. at pp. 676 & 782, it was for the ALJ to assess this conflicting evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In doing so here, the ALJ's reasons for not including a noise restriction were

specifically stated and "[w]hile Plaintiff may disagree with the ALJ's assessment of the record evidence, it is not this Court's role to reweigh the evidence." *Edward A. v. Saul*, 2020 WL 4015265, at *3 (N.D.N.Y. July 15, 2020). That the ALJ found other aspects of the opinions from these two sources persuasive does not change the analysis because an ALJ is free to credit parts of a medical opinion while rejecting those parts that he finds unsupported by the record. *McCall v. Colvin*, 2017 WL 631352, at *14 (W.D.N.Y. Feb. 16, 2017).

Accordingly, the Court recommends that Plaintiff's arguments on this issue are not a basis for remand.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the case be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 5, 2023
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge