UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA M.,

                              Plaintiff,                      5:22-cv-1274 (BKS/DJS)

v.

COMMISSIONER OF SOCIAL SECURITY

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
Steven R. Dolson
The Law Offices of Steven R. Dolson PLLC
6320 Fly Road - Suite 201
East Syracuse, NY 13057

*For Defendant:*
Carla Freedman, United States Attorney
Kristina D. Cohn, Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Pending is plaintiff Joshua M.'s objection (Dkt. No. 13) to a Report-Recommendation and Order (R&R), which recommends, among other things, that defendant Commissioner of Social Security's decision be affirmed, (Dkt. No. 12). The objection faults the R&R for failing to address Joshua's "actual argument that in the face of evidence that [he] had functional equivalence [to Listing 11.02,] the Administrative Law Judge [(ALJ)] failed to provide adequate rational for the finding that would allow for meaningful judicial review." (Dkt. No. 13 at 1.)

The objection also claims that substantial evidence did not support the ALJ's determination to exclude a noise limitation from Joshua's residual functional capacity (RFC) finding because the ALJ's mischaracterization of the evidence "can[]not be the basis upon which such a finding could represent substantial evidence." (*Id.* at 2.)  As explained below, the R&R is adopted in its entirety.

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *See id.*  To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error.  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

**A.     Listing 11.02**

Joshua has specifically objected to the R&R insofar as he faults it for failing to address one of his arguments, which triggers de novo review.  As acknowledged by Joshua in his memorandum of law for judgment on the pleadings, (Dkt. No. 7 at 6), "a court may uphold an ALJ's finding that a claimant does not meet a Listing even where the decision lacks an express

2

rationale for that finding if the determination is supported by substantial evidence," *Andrea K. v. Comm'r of Soc. Sec.*, No. 1:18-CV-1448, 2021 WL 1224049, at *6 (N.D.N.Y. Mar. 31, 2021) (citation omitted). Arguably, the ALJ's decision provided adequate rationale for finding that Joshua's headaches did not medically equal Listing 11.02. (Tr.[1] at 16.) Indeed, although he did not summarize the medical evidence pertinent to Joshua's headaches at step three, the ALJ stated that "the medical evidence does not establish that [Joshua]'s headaches manifest in the same manner as reflected in listing 11.02, subparts B or D," and he later explained, following a discussion of the medical evidence pertaining to headaches, that he did "not find [Joshua] disabled by headaches at any step of the sequential evaluation process." (*Id.* at 16, 17, 19, 20.) In any event, whether the R&R failed to address Joshua's "actual argument" about the ALJ's lacking rationale, (Dkt. No. 13 at 1), its conclusion that the determination regarding the listing was supported by substantial evidence demonstrates that the ALJ's error, if any, was harmless, *Stephanie F. v. Kijakazi*, No. 8:20-CV-1528, 2022 WL 3355964, at *8 n.7 (N.D.N.Y. Aug. 15, 2022), which is the same conclusion reached by the Court now on de novo review.

**B.     Noise Limitation in RFC**

Because the objection regarding the exclusion of a limitation for noise in the RFC determination is merely a rehashing of the arguments made in Joshua's memorandum of law in support of his motion for judgment on the pleadings, (compare Dkt. No. 7 at 11-13, with Dkt. No. 13 at 2), review for clear error only is appropriate.

The R&R squarely addressed the ALJ's exclusion of a limitation for noise, and reasonably concluded that the ALJ is permitted to resolve inconsistencies in the medical

---

[1] Citations to "Tr." are to the consecutively-paginated administrative transcript. (Dkt. No. 6.)

evidence.  (Dkt. No. 13 at 9-10.)  Upon careful review, the R&R is free from clear error in this regard.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Joshua's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Summary Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: March 29, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

4